IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALEXUS HOLMES, et al. :
:
v. : Civil Action No. DKC 17-2294
:
WESTFIELD AMERICA, INC., et al. :
:

**MEMORANDUM OPINION**

Presently pending and ready for resolution are the motion to dismiss and request for a hearing filed by Defendant Westfield America, Inc. ("Westfield") (ECF No. 27), and the motion for leave to allow late filing filed by Plaintiffs Alexus Holmes and Jasmin Holmes ("Plaintiffs") (ECF No. 28). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for leave to allow late filing will be granted, and the motion to dismiss and request for a hearing will be denied. Hayat Abdu will be dismissed for failure to serve.

**I. Background**

Unless otherwise noted, the facts outlined here are set forth in the complaint and construed in the light most favorable to Plaintiffs. On May 30, 2014, Plaintiffs were shopping at a Zara store. Plaintiffs tried on five items of clothing in the

store's dressing room and returned the garments to the dressing room attendant. Hayat Abdu, the store's manager, saw that a security tag had fallen off the clothes and that one of the items was ripped. He concluded that Plaintiffs were attempting to steal the clothes. He confronted Plaintiffs and threatened to call the police if they did not sign a document. Plaintiffs refused to sign the document, and Defendant Westfield placed multiple security officers around the store until police arrived. Police arrived and arrested Plaintiffs but eventually the charges were dropped.[1]

On April 19, 2017, Plaintiffs brought suit against Mr. Abdu, Westfield, and Zara for false imprisonment and false arrest in the Circuit Court for Montgomery County, Maryland. (ECF No. 2). Defendant Zara removed the action on August 11. (ECF No. 1). Defendant Westfield moved to dismiss for failure to state a claim and requested a hearing on December 6. (ECF No. 27). Plaintiffs belatedly responded, requesting the court to accept their late response (ECF No. 28), and moving for leave to amend (ECF No. 29). The Clerk notified Plaintiffs that their proposed amendment did not comply with local rules. (ECF No. 30). Defendant Westfield responded to the motion to file an

---

[1] The complaint lacks some key details. It does not explain the relationship between Defendant Westfield and Defendant Zara. It does not identify the location of the Zara store. It does not explain the significance of the piece of paper Plaintiffs refused to sign.

2

untimely opposition, responded to the motion to file an amended complaint, and replied. (ECF Nos. 31, 32). Despite multiple warnings from the court, Plaintiffs have still not served Hayat Abdu. (ECF Nos. 15, 19, 33).

## II. Motion for leave to allow late filing

Plaintiffs filed their response to Defendant Westfield's motion to dismiss late and moved for leave to allow the late filing. (ECF No. 28). Defendant Westfield opposed the motion for leave to allow the late filing. (ECF No. 31).

Fed.R.Civ.P. 6(b)(2) governs motions for enlargement of time sought after expiration of the specified time period. The rule provides a district court with discretion to order an extension even after the expiration of a specified time period, but only for "cause shown" and if the failure to act in a timely fashion is the result of "excusable neglect." Fed.R.Civ.P. 6(b)(2). The Supreme Court of the United States defined the meaning of excusable neglect in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), a case dealing with late filings in bankruptcy proceedings. In defining neglect, the Supreme Court reasoned that courts could accept late filings due to inadvertence, mistake or carelessness, and intervening circumstances beyond a party's control. To ascertain whether a delay in filing is excusable,

courts must consider "all relevant circumstances surrounding the party's omission." *Id.* at 395.

Here, Plaintiffs aver that the delay was due to an administrative error. This mistake resulted in only a one week delay, and Defendant Westfield has not alleged any prejudice. Accordingly, Plaintiff's motion for leave to allow for late filing will be granted.

**III. Motion to Dismiss**

    **A.   Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the

4

light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

### B. Analysis

Defendant Westfield argues that Plaintiffs have failed to state a claim for false imprisonment because Plaintiffs did not allege Defendant Westfield used physical force or made "verbal threats against the health and safety of Plaintiffs." (ECF No. 27-1, at 4). Plaintiffs respond that the presence of security guards after an accusation of theft "put [Plaintiffs] in fear of leaving the establishment." (ECF No. 28-1, at 2).

"The necessary elements of a case for false imprisonment are a deprivation of the liberty of another without his consent and without legal justification." *Great Atl. & Pac. Tea Co. v. Paul*, 256 Md. 643, 654 (1970). Deprivation of liberty or confinement, as it is often referred, occurs "when a reasonable

5

person would believe he was not free to leave." *Warfield v. City of Chicago*, 565 F.Supp.2d 948, 967 (N.D.Ill. 2008); *Faiaz v. Colgate Univ.*, 64 F.Supp.3d 336, 356 (N.D.N.Y. 2014) ("The plaintiff must show that 'a reasonable person' would not have felt free to leave under the totality of the circumstances."); see *Mills v. PPE Casino Resorts Maryland, LLC*, RDB-15-495, 2017 WL 2930460, *4 (D.Md. July 10, 2017) (granting plaintiff judgment as to a false imprisonment claim because "no reasonable person could conclude [plaintiff] was free to leave.") (internal quotation marks omitted). Confinement can result from the use of physical force or its threat whether explicit or implicit. Dan B. Dobbs, Paul T. Hayden and Ellen M. Bublick, *The Law of Torts* § 42 ($2^d$ ed. 2017); see *Manikhi v. Mass Transit Admin.*, 360 Md. 333, 365-66 (2000) (finding an implicit threat of force sufficient to state a claim for false imprisonment); *Amaral v. Amaral*, 2015 WL 9257028, *10 (Md.Ct.Spec.App. Dec. 17, 2015) (finding defendant's standing between plaintiff and the exit based on the circumstances could imply a threat of force).

Here, Plaintiffs have alleged that "Westfield placed multiple security officers around the store not allowing the Plaintiffs to leave." (ECF No. 2 ¶ 9). Security guards exercise power over a given area and can detain people suspected of breaking the law. Security guards strategically placed throughout the store could imply to a reasonable person that she

was not free to leave. Accordingly, the motion to dismiss and request for a hearing will be denied.

**IV. Dismissal of Defendant**

An order was issued on January 12, 2018, directing Plaintiffs to show cause why Hayat Abdu should not be dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m) and Local Rule 103.8.a. (ECF No. 33). Plaintiffs have not responded. It has been more than five months since the action was removed and more than nine months since the action was initiated, and service has still not been effectuated. Accordingly, Hayat Abdu will be dismissed from this action.

**V. Conclusion**

For the foregoing reasons, the motion to dismiss filed by Defendant Westfield America, Inc. will be denied, and the motion for leave to allow late filing filed by Plaintiffs Alexus Holmes and Jasmin Holmes will be granted. Hayat Abdu will be dismissed for ineffective service of process. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
